UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARICELIS COLON,**

    **Plaintiff,**

v.                                                                             **Case No: 5:24-cv-111-TJC-PRL**

**ENVOY MORTGAGE LTD, et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, Maricelis Colon, who is proceeding *pro se*, filed this action against Defendants Envoy Mortgage Ltd., Lakeview Loan Servicing LLC, Affiliated Title of Central Florida-Villages, Loancare LLC, and Aldridge Pite LLP. (Doc. 7). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). Because the nature of Plaintiff's claim was not entirely clear in her initial pleading, the Court deferred ruling on Plaintiff's motion to proceed *in forma pauperis* and afforded Plaintiff an opportunity to file an amended complaint (Doc. 6), which she has now done. (Doc. 7).

    **I.**    **Legal Standards**

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

Plaintiff's amended complaint (Doc. 7) is submitted on a prepared form entitled "Complaint for a Civil Case Alleging Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)." Plaintiff also filed a document entitled "statement," that was docketed as a supplement to her amended complaint. (Doc. 8). Plaintiff is asserting a claim for breach of contract related to a residential mortgage. Plaintiff alleges that she promised to pay $128,000.00 in 30 years, including interest, but that Defendant (without specifying which Defendants took which actions) breached the contract as follows: (1) only the signature of the plaintiff and cosigner is on the promissory note; (2) defendant failed to provide vital documents (3 day recission document and others); and (3) failed to disclose the true nature of the transaction, as to the application for the loan and the promissory note are negotiable instruments, and sold for profit in the open market. She asks the Court to order rescission of the contract and $3.5 million from all five defendants together, for lack of full disclosure, constructive fraud, violation of TILA, RESPA, wrongful foreclosure, mental distress, refusal to cancel and rescind the contract and punitive damages. As to Defendant Aldridge Pite LLP, Plaintiff claims that counsel at that firm is using her d/b/a/ and copyright without authorization or consent in the state court residential foreclosure action discussed below.

Plaintiff cites Case No. 2023 CA 2702, which, according to the public record, is an ongoing residential foreclosure action brought by Lakeview Loan Servicing LLC (defendant in this action) against Plaintiff in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.[2] *See Ronet v. Clerk of the Thirteenth Judicial Circuit Court in and for Hillsborough County*, No. 6:08-cv-1748-Orl-31KRS, 2008 WL 5110820, at *1 (M.D. Fla. Dec. 2, 2008)(noting court may consider records outside the pleadings when determining whether a complaint under §1915 should be dismissed as frivolous). Review of the docket reveals that the state court foreclosure action involves the same promissory note and mortgage agreement at issue in this proceeding.

Subject matter jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994)). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.

---

[2] The docket for this case can be accessed electronically at: Marion County OCRS (civitekflorida.com)

Here, Plaintiff purports to rely on diversity of citizenship jurisdiction, which requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). Even assuming Plaintiff has properly alleged the amount in controversy, she has failed to allege that the parties are completely diverse. Indeed, Plaintiff and three of the Defendants (Lakeview Loan Servicing LLC, Affiliated Title of Central Florida-Villages, and Aldridge Pite LLP) are listed with Florida addresses, suggesting that they are citizens of Florida. *See Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (ruling diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

This leaves federal question jurisdiction, which exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, while Plaintiff mentions in passing two federal statutes—TILA and RESPA—and vaguely refers to a copyright violation, she fails to sufficiently allege claims under any federal statute.

Moreover, this Court lacks jurisdiction to interfere in Plaintiff's ongoing state court proceedings pursuant to the *Younger* doctrine. *Hirsch v. 18th Jud. Cir. Ct. of Fla.*, No. 6:21-cv-1920-CEM-LHP, 2022 WL 3136891, at 7-9 (M.D. Fla. May 27, 2022) (abstaining from interfering with ongoing state court foreclosure proceedings under the *Younger* doctrine).[3] "*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state

---

[3] The *Younger* doctrine comes from *Younger v. Harris*, 401 U.S. 37 (1971).

court—free from federal court interference." *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001). "[T]he Younger doctrine … prevent[s] federal courts from being the grand overseers of state courts and court-like administration." *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004).

In determining the applicability of this doctrine, the Court asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child. v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). If the answer to those inquiries is "yes," –as it is in this case—then federal courts must abstain from intervening in ongoing state court proceedings.

Here, it is undisputed that there is an ongoing state judicial proceeding, *i.e.,* the mortgage foreclosure action in Marion County, Florida Circuit Court. That action was filed before this action and is being actively litigated. There is no question that if this Court were to rescind the promissory note and mortgage agreement as requested by Plaintiff, such relief would interfere with the state court mortgage foreclosure action and might in effect end it. Second, the ongoing state court foreclosure proceedings implicate an important state interest. *See, e.g.*, *Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-cv-01113-J-32JBT, 2010 WL 5662930, at *4 (M.D. Fla. Oct. 26, 2010) ("Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference."), *report and recommendation adopted*, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011). And, finally, federal courts "should assume that state procedures will afford an adequate remedy, in the absence

of unambiguous authority to the contrary." *31 Foster Children*, 329 F.3d at 1279 (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)). Here, the Court has no reason to believe that the state procedures are inadequate to address any federal claims that Plaintiff may have.

Accordingly, the Court should deny Plaintiff's motion to proceed *in forma pauperis* and dismiss Plaintiff's amended complaint.

**DONE** and **ENTERED** in Ocala, Florida on April 22, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties